NOT FOR PUBLICATION

FILED

OCT 28 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES BRISSETTE and SANDRA BRISSETTE, | No. 13-16393 |
| Plaintiffs - Appellants, | D.C. No. 3:12-cv-03959-WHA |
| v. | MEMORANDUM[*] |
| ENTRUST GROUP, INC.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted October 21, 2015[**]
San Francisco, California

Before: SILVERMAN and CHRISTEN, Circuit Judges and DUFFY,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Plaintiffs Charles and Sandra Brissette appeal from the district court's denial of their motion for leave to file a second amended complaint and the district court's subsequent entry of judgment against them.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM**.

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999))). In dismissing Plaintiffs' first amended complaint, the district court identified several deficiencies in Plaintiffs' allegations and properly concluded that Plaintiffs had failed to state a viable claim for intentional fraud. Plaintiffs' proposed second amended complaint failed to cure those deficiencies.

Under California law, "[t]he elements of intentional misrepresentation, or actual fraud, are: '(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4)

---

[1] Plaintiff Stanley Levine was included in Plaintiffs' notice of appeal. On December 30, 2013, we granted Levine's motion to voluntarily dismiss his appeal. Therefore, Charles and Sandra Brissette remain as the only Plaintiffs-Appellants in this case. Moreover, Levine was the only plaintiff who asserted claims against Defendant Entrust Arizona, LLC n/k/a Vantage Retirement Plans LLC. Accordingly, Entrust Arizona is no longer a defendant in this action.

justifiable reliance; and (5) resulting damage.'" *Anderson v. Deloitte & Touche LLP*, 66 Cal. Rptr. 2d 512, 515 (Cal. App. 1997) (quoting *Molko v. Holy Spirit Ass'n.*, 762 P.2d 46, 53 (Cal. 1988)). Further, "[a] fraud claim based upon the suppression or concealment of a material fact must involve a defendant who had a legal duty to disclose the fact.'" *Hoffman v. 162 N. Wolfe LLC*, 175 Cal. Rptr. 3d 820, 826 (Cal. App. 2014) (citing Cal. Civ. Code § 1710(3)). Plaintiffs' proposed second amended complaint still failed to adequately allege the elements of knowledge of falsity, duty to disclose, and reliance. It therefore failed to state a viable claim for intentional fraud. Accordingly, the district court reasonably concluded that further amendment would be futile and did not abuse its discretion in denying Plaintiffs' motion to amend. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (finding district court reasonably concluded further amendment would be futile where second amended complaint did not cure deficiencies identified in first amended complaint).

**AFFIRMED.**[2]

---

[2] Plaintiffs' motion for judicial notice filed December 23, 2013 (Docket Entry No. 36) is **GRANTED** as to Documents 1-7 and **DENIED** as to Document 8. *See* Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).